OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs, and the question certified by the Appellate Division answered in the affirmative.
Plaintiff Walter Fischer entered into a written brokerage agreement with deceased defendant Peter Ohm whereby Ohm agreed to pay plaintiff a finder’s fee of $300,000 if plaintiff successfully arranged a loan of $1.6 million for Peter Ohm, defendant Andrew Ohm, or any of the companies in which the individuals had an equity participation, including Panasian Communications, Inc. The agreement also provided that the amount of the finder’s fee would be adjusted if the loan was higher or lower than $1.6 million.
Thereafter, Fischer procured a $1.75 million loan for Panasian Communications, Inc. from Chase Manhattan Bank to finance Panasian’s acquisition of a television station. The loan to Panasian was guaranteed by a number of corporate defendants controlled by Peter and Andrew Ohm, including Pako Realty, Inc., which granted a mortgage to Chase on real property as a part of its security for its guarantee.
Plaintiff demanded payment of the finder’s fee due under the brokerage agreement, but was paid only $37,000. He then brought suit to recover the balance due under the agreement and to recover damages based on two dishonored checks issued by Panasian. Defendants answered and, inter alia, asserted a counterclaim alleging that pursuant to General Obligations Law § 5-531 the maximum brokerage fee allowable was $8,000, and therefore, plaintiff owed defendants a refund. Both parties moved for summary judgment. Supreme Court, inter alla, granted plaintiff’s motion for summary judgment against the estate of Peter Ohm to the extent that his recovery under the *960 brokerage agreement was limited by General Obligations Law § 5-531, granted summary judgment against Panasian on the two dishonored checks and expressly severed those claims. The Appellate Division affirmed for the reasons stated in the opinion below, and granted plaintiffs motion for leave to appeal on a certified question.
General Obligations Law § 5-531 (1) provides:
"No person shall, directly or indirectly, take or receive more than fifty cents for a brokerage, soliciting, driving or procuring the loan or forbearance of one hundred dollars, and in that proportion for a greater or less sum, except loans on real estate security” (emphasis supplied).
Thus, if section 5-531 is applicable to the brokerage agreement here, the agreement is not enforceable because the finder’s fee amounts to 18% of the loan procured, thereby exceeding the statutory limitation of .5%. Plaintiff argues that because Pako executed a mortgage to secure its obligations under its guarantee of the loan and to secure any present or future debts Pako owed to Chase, the agreement was for a "loan[ ] on real estate security” and was thus not limited by General Obligations Law § 5-531. However, the transaction did not become a loan on real estate security merely because one of the corporate guarantors of the loan secured its guarantee obligation with a mortgage on real property. Panasian, the primary obligor, did not secure the loan with any interest in real property. Thus, the exemption for loans on real estate security does not apply.
Similarly unavailing is plaintiff’s argument that section 5-531 does not apply to private placement transactions between corporate borrowers and large institutional investors. Section 5-531 makes no express distinction between individual and corporate borrowers, and there is no exception for corporations comparable to General Obligations Law § 5-521, the provision which disallows corporations from asserting the usury defense (see, Scudder v Hoyt, 218 App Div 11, 15-16, affd 245 NY 522). Nor is there evidence of an intent to limit the scope of section 5-531 to consumer transactions in the legislative history to the 1984 amendment to General Obligations Law § 5-531 as plaintiff contends. That history (see, Attorney-General’s Legislative Program Mem; Attorney-General’s Bill Jacket, L 1984, ch 799) relies on the Scudder case for historical background on section 5-531. Scudder, however, expressly held that a corporation could plead the brokers’ fee statute as a defense (Scudder v Hoyt, supra), and the 1984 amendment did *961 not expressly or impliedly create an exception to the general prohibition against charging excessive brokerage fees for transactions involving corporate borrowers. Rather, it created additional remedies and enforcement mechanisms for consumers charged excessive fees by brokers. Thus, the courts below correctly concluded that General Obligations Law § 5-531 is applicable to the brokerage agreement between plaintiff and Peter Ohm.
Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur in memorandum.
Order affirmed, etc.