Karyn JONES; Chris Jones, Husband and Wife, Plaintiffs–Appellants,

v.

UNITED STATES of America, Defendant–Appellee.

No. 96–16643.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 6, 1997.

Decided Oct. 28, 1997.

4. Summers actively sought other employment during this time.

Donald J. Loftus, Pebble Beach, California, for plaintiffs-appellants.

Patricia J. Kenney, Assistant United States Attorney, San Francisco, California, for defendant-appellee.

Before: SCHROEDER, BEEZER and BRUNETTI, Circuit Judges.

BEEZER, Circuit Judge:

Karyn and Chris Jones appeal from the district court's findings of fact and conclusions of law rendered in connection with their claim brought pursuant to the Federal Tort Claims Act. Defendants have moved to correct the record, and plaintiffs have moved for sanctions. We have jurisdiction and affirm.

## I

In early 1992, plaintiffs[1] were married and living together at Fort Ord, California, where Chris Jones, a sergeant in the United States Army, was stationed. On January 16, 1992, plaintiff went to an Army gynecologist for an annual examination and to obtain a prescription for birth control pills. Plaintiff was not pregnant at the time of this visit. The gynecologist prescribed Triphasil–28 birth control pills, which contain both estrogen and progestin. The gynecologist did not warn plaintiff that antibiotics could reduce the efficacy of her birth control pills.

Plaintiff began taking her Triphasil–28 pills on February 2, 1992. During this time, plaintiffs had sexual intercourse nightly.

On February 7, 1992, plaintiff went to a dental clinic at Fort Ord. An oral surgeon examined plaintiff and decided she needed surgery. To assure that no infection would be present at the time of the surgery, the oral surgeon prescribed Penicillin–VK, an antibiotic. Although plaintiff's medical chart indicated that she was taking birth control pills, neither the oral surgeon nor his dental hygienist warned plaintiff that the penicillin might interfere with the effectiveness of her birth control pills.

The oral surgeon directed plaintiff to take 500–milligram pills of penicillin four times a

---

1. "Plaintiffs" refers to the plaintiffs collectively. "Plaintiff" refers to Karyn Jones.

day for six days. Plaintiff took four antibiotic pills on February 8 and 9, three pills on February 10 and 11, two pills on February 12, and one pill on February 13.

On February 19, plaintiff returned to the dental clinic to have lab work done in preparation for surgery, including a routine pregnancy test. During this visit, a different oral surgeon warned plaintiff that antibiotics could reduce the effectiveness of birth control pills.

On February 20, plaintiff was informed that her pregnancy test was positive. A second test performed on February 21 was also positive. On October 17, 1992, plaintiff gave birth to a baby girl.

## II

Plaintiffs filed an administrative claim against the Army for malpractice and wrongful life. The claim was denied, and plaintiffs filed a complaint in federal court. The sole issue at trial was whether defendant was liable for costs attributable to plaintiff's pregnancy and raising plaintiffs' daughter. At trial, plaintiffs presented two expert witnesses who testified that the antibiotics prescribed to plaintiff reduced the efficacy of her birth control pills. The defendant presented expert testimony to counter this evidence. After a two-week bench trial, the district court granted defendant's motion in limine to exclude plaintiffs' expert testimony on the ground it did not satisfy the standard set forth in *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) and *Daubert v. Merrell Dow Pharmaceuticals*, 43 F.3d 1311 (9th Cir. 1995). The district court also concluded that plaintiffs failed to establish other elements of their case, including duty to warn and causation. This appeal followed.

■ On appeal, plaintiffs contend that, among other things, the district court erred in finding plaintiffs failed to prove by a preponderance of the evidence that plaintiff became pregnant during the time she was taking penicillin. We review for clear error the district court's factual findings in connection with a bench trial. *Saltarelli v. Bob Baker Group Med. Trust*, 35 F.3d 382, 384 (9th Cir.1994). We must accept the district

court's findings of fact unless we are left with the definite and firm conviction that a mistake has been committed. *Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 819 (9th Cir.1996) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 541, 92 L.Ed. 746 (1948)). If the district court's "account of the evidence is plausible in light of the record viewed in its entirety," we may not reverse even if we are convinced that had we been sitting as the trier of fact, we would have weighed the evidence differently. *Phoenix Eng'g and Supply Inc. v. Universal Elec. Co.*, 104 F.3d 1137, 1141 (9th Cir.1997) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 573–74, 105 S.Ct. 1504, 1511–12, 84 L.Ed.2d 518 (1985)).

## III

■ Plaintiff tested positive for pregnancy on the morning of February 19, 1992; the pregnancy test used was the Icon II test. The Icon II test detects human chorionic gonadotrophin ("HCG"), which is produced in increasing amounts approximately seven to ten days after conception. The district court found that it takes at least 13 to 14 days after conception for levels of HCG to be detectable by the Icon II pregnancy test. In light of the Icon II test's sensitivity to HCG, plaintiff must have conceived 13 to 14 days prior to February 19. Accordingly, plaintiff must have conceived prior to the time she began taking penicillin on February 8. Review of the record indicates this finding is not clearly erroneous.

Plaintiffs contend that the Icon II test can detect HCG within ten days of conception, and that the positive test on February 19 is therefore not inconsistent with a date of conception of February 9. Plaintiffs refer to the Icon II test package insert, which indicates that the test is "sufficiently sensitive to show positive results as early as one week after implantation, or 4–5 days before a first missed menses." Plaintiffs take this to mean that the test can detect a pregnancy in nine to ten days. Sensitivity to one week after implantation is not inconsistent with the district court's findings because implantation takes place six to eight days after fertilization. *See Jones v. United States*, 933 F.Supp. 894, 902 n. 15 (N.D.Cal.1996).

## IV

Plaintiffs contend that ultrasound evidence and calculations based upon plaintiff's first day of bleeding of her last menstrual period, or "LMP," indicate that plaintiff conceived on February 9. For example, plaintiffs claim plaintiff's LMP was on January 27, 1992, indicating that her next menses should have begun on February 23 or 24. Ovulation and conception on the fourteenth day of her cycle would indicate that the date of conception was February 9. The district court, however, specifically rejected the ultrasound evidence as inconclusive, a finding which, in light of the record, cannot be said to be clearly erroneous.

In addition, the district court found that it was highly improbable that plaintiff would have been able to ovulate on February 8 or 9 if she had already taken six birth control pills on February 2 through 7. *Id.* at 903. The district court explained that the estrogen component of the Triphasil–28 pills inhibits production of two hormones, follicle stimulating hormone and luteinizing hormone, which are necessary for production of the ovum. The Triphasil–28 pills plaintiff took on February 2 through 7 would have inhibited these hormones to such an extent that plaintiff could not have produced an ovum on February 8 or 9. Thus, the district court found, even if the penicillin eliminated the effect of the estrogen, there was not enough time for plaintiff to become pregnant within two days. This finding is not clearly erroneous.

## V

We conclude that the district court's finding that plaintiffs failed to establish that plaintiff became pregnant while taking penicillin was not clearly erroneous. We need not address plaintiffs' other arguments.[2]

AFFIRMED.

---

**2.** Plaintiffs contend they were denied their right to a fair trial because the district court judge was biased against them. The record does not support this claim.

Defendant moved pursuant to Rule 10(e) of the Federal Rules of Appellate Procedure to correct the record. Defendant previously moved before the district court, and the district court denied the motion because the errors were insignificant spelling and typographical errors. We agree, and deny the motion.

Plaintiffs' motion for sanctions is also denied.