■ DON BUCHWALD & ASSOCIATES, INC., Appellant, v LISA M. RICH et al., Respondents. [723 NYS2d 8] —Order, Supreme Court, New York County (Charles Ramos, J.), entered September 29, 2000, insofar as it granted defendants' motion to dismiss the third cause of action for tortious interference with economic relations and the claim for punitive damages, unanimously reversed, on the law, without costs, and the third cause of action and the punitive damage claim reinstated.

Defendants are former allegedly faithless employees of plaintiff talent agency. The complaint alleges that for the period of almost a year before they left plaintiff's employ, defendants secretly formed a competitive agency, and then stole a number of their former employer's clients. They did this, in part, by setting up their own Web site, copying confidential files, and surreptitiously adding riders to the contracts with some of plaintiff's clients that gave the latter the right to terminate the contract should the particular handling agent leave plaintiff's employ. Forty-four such clients terminated their contracts with plaintiff after defendants departed to form their own company.

A necessary element to the claim of tortious interference with economic relations is the use of "wrongful means" to achieve the end, such as by fraud or misrepresentation; however, a recognized defense to such a claim is the use of professional persuasion in inducing a customer to switch to a competing business relationship (see, *Guard-Life Corp. v Parker Hardware Mfg. Corp.*, 50 NY2d 183, 191). Here, defendants went far beyond mere persuasion. The secret execution of the riders establishing an escape clause that permitted a mass exodus of plaintiff's clients upon defendants' termination of employment was "too coincidental to permit a finding, as a matter of law, that defendants did not improperly interfere with plaintiff's contractual relations" (*CBS Corp. v Dumsday*, 268 AD2d 350, 353).

The motion court erroneously found that plaintiff's claim for punitive damages was not sustainable by reason of its failure to allege "either a public or an outrageous wrong." The limitation of an award for punitive damages to conduct directed at the general public applies only in breach of contract cases, not in tort cases for breach of fiduciary duty (*Sherry Assocs. v Sherry-Netherland, Inc.*, 273 AD2d 14, 15). Diversion of assets to a secretly created competitive organization constitutes a breach of fiduciary duty (*American Baptist Churches v Galloway*, 271 AD2d 92, 99). To sustain a claim for punitive damages in tort, one of the following must be shown: intentional or deliberate wrongdoing, aggravating or outrageous circumstances, a fraudulent or evil motive, or a conscious act that willfully and wantonly disregards the rights of another (*Swersky v Dreyer & Traub*, 219 AD2d 321, 328). The complaint herein satisfies these criteria (see, *U. S. Trust Corp. v Newbridge Partners*, 278 AD2d 172). Concur—Rosenberger, J. P., Mazzarelli, Wallach, Saxe and Buckley, JJ.