**BANK SADERAT IRAN, New York Agency, Plaintiff,**

v.

**TELEGEN CORPORATION, Defendant,**

and

**Richard D. Gaines; Sahara Associates, Inc., a corporation, Defendants-cross-defendants—Appellants,**

v.

**Telegen Corporation; Jessica L. Stevens, Cross-claimants—Appellees,**

v.

**Bank Saderat Iran, New York Agency, Cross-defendant,**

and

**Richard D. Gaines; Sahara Associates, Inc., Cross-defendants—Appellants.**

No. 98–15190.

D.C. No. CV–94–02330–VRW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 2001.

Decided Feb. 6, 2002.

Before HUG, D.W. NELSON, and HAWKINS, Circuit Judges.

## MEMORANDUM *

Appellants Richard Gaines ("Gaines") and Sahara Associates, Inc., ("Sahara") challenge many aspects of the district court's holding below in favor of appellees Jessica Stevens and Telegen Corporation. The district court held, following a bench trial, that attorney Gaines breached his fiduciary duty to appellees; that Sahara's financing deal with appellees violated New York law; and that both appellants owe considerable damages. Appellants assert, *inter alia*, that (1) the district court lacked personal jurisdiction over appellants; (2) the court's findings regarding Gaines's breach of fiduciary duty are not supported by the evidence; (3) the court applied the wrong state's law in awarding punitive damages for Gaines's breach of fiduciary duty; and (4) the court misinterpreted New York law in requiring Sahara to pay

treble damages. We affirm in part and reverse in part.

We review the district court's determination regarding personal jurisdiction, the court's choice of law analysis, and its interpretation of New York statutory law *de novo*. *Howard v. Everex Sys., Inc.*, 228 F.3d 1057, 1061 (9th Cir.2000); *Zinser v. Accufix Research Inst.*, 253 F.3d 1180, 1187 (9th Cir.2001); *Wetzel v. Lou Ehlers Cadillac*, 222 F.3d 643, 646 (9th Cir.2000) (en banc). We review the district court's findings of fact for clear error, and must accept the district court's findings unless we are left with the definite and firm conviction that a mistake has been committed. *Jones v. United States*, 127 F.3d 1154, 1156 (9th Cir.1997).

Taking up the personal jurisdiction issue and applying this circuit's three-part test for limited jurisdiction, *see Roth v. Garcia Marquez*, 942 F.2d 617, 620–21 (9th Cir. 1991), we conclude that the district court properly exercised jurisdiction over Gaines and Sahara. After reviewing the trial transcripts we also conclude that the district court had sufficient evidence before it to support its breach of fiduciary duty holdings.

The court held that Gaines had a continuing duty to Telegen arising from Gaines's representation of Telegen in the New Jersey action. It also held that Gaines had a duty to Telegen and Stevens as current clients, because both reasonably believed themselves represented by Gaines in the subject loan transaction. The court then concluded that Gaines breached these duties in the following ways. Throughout the loan deal, Gaines wrongly used knowledge gained through his earlier representation of Telegen and made material misrepresentations to Telegen. Gaines

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

breached his duty to Telegen and Stevens as current clients by failing to disclose key information to them, including his concurrent representation of Bank Sadarat Iran ("BSI"); his half-ownership interest in Sahara; the true role of Sahara in the loan dealings; and the true nature of Stevens's personal guarantee.

■ Gaines objects that he did not breach his duty to Telegen because Fred Lezak, Telegen's chief financial officer, knew about Gaines's relationships with BSI and Sahara and understood the deal points at issue. However, the evidence offered at trial supports the court's conclusions in this respect. While it is true that Lezak admitted knowing that Gaines had represented BSI in the past, Lezak denied ever being told or knowing that Gaines represented BSI in the current transaction. He was adamant in his testimony that he believed Gaines represented Telegen's interests in that transaction. And although Lezak testified to knowing that Gaines would take "a piece" of Sahara for his role in the deal, Lezak denied knowing that Gaines owned 50% of Sahara, and he denied that Gaines had ever disclosed a potential conflict of interest in the deal.

Given the conflicting central testimony and the district court judge's essential role in assessing witness credibility, we cannot say that we are left with a firm and definite conviction that Gaines did not breach his fiduciary duties. The deal was fraught with possibilities for such a breach because of Gaines's multiple roles: Gaines owned half of Sahara, the middleman; he represented BSI, the ultimate lender; he had represented Telegen, the borrower, in the past; and (according to the district court) Telegen reasonably thought itself represented by Gaines in the loan deal. We affirm the district court's breach of fiduciary duty holdings.

The district court correctly conducted a choice of law analysis to determine wheth-er to apply New York or California law to appellee's breach of fiduciary duty claims, and we do not disturb its decision to apply California law. The district court erred, however, in determining whether to extract punitive damages from Gaines for this breach. It failed to examine whether New York or California punitive damages law should apply. A district court sitting in diversity must apply the choice of law provisions of the forum state, *see Waggoner v. Snow*, 991 F.2d 1501, 1506 (9th Cir. 1993), and in California a court must conduct a separate choice of law analysis with respect to each issue in a case. *See Wash. Mut. Bank v. Superior Court*, 24 Cal.4th 906, 103 Cal.Rptr.2d 320, 15 P.3d 1071, 1081 (2001); *Franklin Supply Co. v. Tolman*, 454 F.2d 1059, 1075–76 (9th Cir.1971) (determining choice of law for punitive damages issue separately). Because the determination of choice of law is a legal question, principles of judicial economy suggest that we decide it here.

■ Gaines argues that New York law should have governed the award of punitive damages. Applying the governmental interest analysis used by California courts, *see Wash. Mut.*, 103 Cal.Rptr.2d 320, 15 P.3d at 1080–81, we agree. First, we ask whether the laws of California and New York materially differ on awarding punitive damages for breaches of fiduciary duty, and we conclude that they do. Under California law, punitive damages are available only upon a showing by clear and convincing evidence that the defendant is guilty of malice, fraud or oppression. *See* Cal. Civ.Code § 3294. New York law contains no such heightened burden of proof, permitting punitive damages for breaches of fiduciary duty where one of the following is shown: intentional or deliberate wrongdoing, aggravating or outrageous circumstances, a fraudulent or evil motive, or a conscious act that willfully and wan-

tonly disregards the rights of another. *Don Buchwald & Assoc., Inc. v. Rich,* 281 A.D.2d 329, 723 N.Y.S.2d 8, 9 (App.Div. 2001). Other than the heightened burden of proof required by California law, we conclude that the requirements for awarding punitive damages in each state are essentially the same.

Even when a material difference exists between the laws, however, no true conflict exists where only one state has an interest in applying its law to the case at hand. *Wash. Mut.,* 103 Cal.Rptr.2d 320, 15 P.3d at 1081. California, the plaintiffs' resident state, may be presumed not to have any interest in applying its heightened limitation on damages to protect the New York defendants in this case. *See Hurtado v. Superior Court,* 11 Cal.3d 574, 581, 114 Cal.Rptr. 106, 522 P.2d 666 (1974) (holding that, where plaintiffs' resident state imposes greater limitations on damages than defendants' state, the plaintiffs' state has no interest in applying its law). In contrast, New York has an interest in deterring its attorneys from future misconduct by applying its more plaintiff-friendly law. Only New York, therefore, has an interest in applying its law and no true conflict exists. New York law should have been applied.

We therefore remand this portion of the case to the district court for a reconsideration of punitive damages available for Gaines's breach of fiduciary duty under New York law.[1] *See Swersky v. Dreyer and Traub,* 219 A.D.2d 321, 643 N.Y.S.2d 33, 38 (App.Div.1996) (holding that whether to award punitive damages, and how much, is within the sound discretion of the original trier of fact).

Finally, we examine the treble damages assessed against Sahara under New York law. As dictated by the choice of law provisions of the loan agreement at issue, the district court correctly applied New York law to the contract dispute. *See Consol. Data Terminals v. Applied Digital Data Sys., Inc.,* 708 F.2d 385, 390 n. 3 (9th Cir.1983) (applying New York law to contractual issues where the contract included a choice of law provision in favor of New York laws). We must conclude, however, that the district court erred in its damages analysis under the applicable New York statute.

■ New York law limits, to 0.5% of the total loan amount, the fee a loan broker may charge for assisting in the procurement of any loan not secured by real estate. *See* N.Y. Gen. Oblig. Law § 5–531(1). Respecting remedies, that statute states that "every person" who is overcharged by a loan broker may sue the broker and recover the amount overcharged. *See* § 5–531(3)(a). These provisions apply both to consumers and to corporations that have been overcharged. *See Fischer v. Panasian Communications, Inc.,* 87 N.Y.2d 958, 960, 641 N.Y.S.2d 590, 664 N.E.2d 501 (1996). The statute provides additional remedies to consumers: "Judgment may be entered *in favor of a consumer* in an amount not to exceed three times the actual damages plus reasonable attorney's fees." § 5–531(3)(a) (emphasis added). The statute defines "consumer" as "a natural person," § 5–531(2)(a), thus on its face precluding an award of treble damages and attorney's fees to a corporation.

After concluding that the difference between the consideration paid to Sahara Associates ($44,546) and the maximum allowable fee ($2,500) was $42,046, the dis-

---

1. Of course, we note that the court will likely reach the same punitive damages result as under California law, given that New York's less stringent requirements have likely been met. However, we conclude that a remand is in order to allow the parties and the factfinder an opportunity to consider this issue in the first instance.

trict court below tripled this overcharge and awarded appellees $126,138 in damages, plus their reasonable attorney's fees. Because Telegen is a corporation, it was not entitled to treble damages or attorney's fees under this statute. We therefore vacate this portion of the award and order the award reduced to $42,046, the amount of the overcharge, which is a permissible award to a corporation under the statute.

Each side shall bear its own costs on appeal. AFFIRMED in part, REVERSED in part, and REMANDED.