Kari KILIAN, Plaintiff—Appellant,

v.

EQUITY RESIDENTIAL PROPERTIES TRUST; Equity Residential Properties Management Corporation; Does, I–X, Defendants—Appellees.

Nos. 04–16723, 04–17538.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2006.*

Decided June 30, 2006.

See also 2004 WL 3606894.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Richard W. Langerman, Esq., Law Offices, Phoenix, AZ, for Plaintiff–Appellant.

Scott M. Zerlaut, Esq., Thomas J. Shorall, Jr., Shorall McGoldrick Brinkmann, PC, Phoenix, AZ, Daniel W. McCarthy, Douglas & Cox LLP, Phoenix, AZ, Joel R. Davis, Chicago, IL, for Defendants–Appellees.

Before: GOODWIN, O'SCANNLAIN, and THOMAS, Circuit Judges.

## MEMORANDUM **

Kari Kilian appeals from the judgment and award of attorney's fees in her suit against Equity Residential Properties Trust and Equity Residential Properties Management Corporation (collectively "Equity").[1] The facts are known to the parties and will not be repeated here.

### I

Kilian first claims that the district court abused its discretion by excluding the testimony of three of her expert witnesses: Dr. Michael Gray, Dr. Kaye Kilburn, and David Rueckert. The district court, however, properly assessed "whether the reasoning or methodology underlying the testimony [was] scientifically valid and ... whether that reasoning or methodology properly [could] be applied to the facts in issue." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592–93, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

First, the district court had adequate justification for concluding that Dr. Gray's testimony was not scientifically valid. Dr. Gray used various tests in forming his opinion that even Dr. Kilburn, another of Kilian's experts, stated were useless in detecting exposure to mycotoxins. In addition, the district court heard testimony that Dr. Gray does not follow the scientific method and that his practices are seldom used by others in his field. *See id.* at 593–94, 113 S.Ct. 2786 (indicating that general

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Kilian also moves to strike certain of Equity's excerpts of record, claiming that they were never filed with the district court. The excerpts in question should have been part of the record below because they were explicitly incorporated into Equity's amended *Daubert* motion. To the extent that the materials in question were accidentally omitted from the district court record, we have the authority to correct such omission. *See* Fed. R.App. P. 10(e)(2). Kilian's motion is therefore denied.

acceptance in the field of the method used to collect data aids in the admissibility of the scientific data collected).

■ Second, the district court had ample justification for questioning the scientific validity of Dr. Kilburn's testimony. His opinion was developed solely for purposes of litigation, see *Daubert v. Merrell Dow Pharm., Inc.,* 43 F.3d 1311, 1318–19 (9th Cir.1995), and he failed to review Kilian's medical records before concluding that she suffered from epileptic seizures—a diagnosis independently ruled out by a number of specialists. The district court had reason to question his methodology because he discarded the generally accepted normative standards for his battery of diagnostic tests and created his own, making it impossible to compare his results with the results of other physicians. Moreover, Dr. Kilburn's testimony does not "fit" the issue of causation; he conceded that his tests indicate only impairment and not causation. *See id.* at 1320.

■ Third, there are similar problems with the testimony of Reuckert, Kilian's industrial hygienist. Reuckert testified that he never tested Kilian's apartment for mycotoxins, and he conceded that the airborne levels of mold in her apartment were all within normal levels. He nevertheless claimed that the apartment was contaminated with mold. Several of Equity's experts, however, questioned the validity of Reuckert's methodology, specifically, his use of vacuum samples to extrapolate past air levels of mold.

Thus, on the basis of the evidence before the district court, we cannot say that exclusion of these three experts was manifestly erroneous. *See Nadell v. Las Vegas*

*Metro. Police Dep't,* 268 F.3d 924, 927–28 (9th Cir.2001).

## II

■ Kilian next claims that the district court erred by finding that she failed to prove causation. We note that Kilian produced no evidence that her apartment ever contained mycotoxins, and Equity's experts testified that the airborne mold levels in the apartment were well within normal ranges. Additionally, many of Kilian's doctors concluded that her problems were most likely psychological, not organic. The district court's finding was not clearly erroneous.[2] *Jones v. United States,* 127 F.3d 1154, 1156 (9th Cir.1997).

## III

■ Kilian also challenges the district court's award of attorney's fees, claiming that Arizona Revised Statutes § 12–341.01 does not apply to her claim. But claims brought under Arizona Revised Statute § 33–1324 necessarily require a contract between a landlord and a tenant and therefore qualify as an "action arising out of a contract." *See Marcus v. Fox,* 150 Ariz. 333, 723 P.2d 682, 684 (1986) (holding that an award of fees is appropriate " 'as long as the cause of action in tort could not exist *but for* the breach of the contract' " (quoting *Sparks v. Republic Nat'l Life Ins. Co.,* 132 Ariz. 529, 647 P.2d 1127, 1141 (1982))). Thus, attorney's fees may properly be awarded in § 33–1324 suits.

■ As a fallback, Kilian argues that the award of attorney's fees was improper because of the hardship it would impose on her. The district court made specific findings with regard to the factors listed in *Associated Indemnity Corp. v. Warner,*

2. Kilian also claims that the district court erred by denying her request to amend the parties' pre-trial order on the first day of trial. Because Kilian failed to prove causation and the evidence she sought to introduce went to damages, such claim is moot.

143 Ariz. 567, 694 P.2d 1181, 1184 (1985), and Kilian did not argue or present evidence of hardship in her opposition to Equity's application to the district court. The district court's award did not exceed the bounds of reason and was therefore not an abuse of discretion. *See id.* at 1185.

The decision of the district court is **AFFIRMED.**