Terry STEWARD, Plaintiff–Appellant,

v.

UNITED STATES of America, Defendant–Appellee.

No. 06–55978.

United States Court of Appeals, Ninth Circuit.

Submitted March 19, 2008.*

Filed June 13, 2008.

---

Terry Steward, Palmdale, CA, Plaintiff–Appellant.

Office of the U.S. Attorney Civil & Tax Divisions, Los Angeles, CA, for Defendant–Appellee.

Before: HUG, SKOPIL, and HALL, Circuit Judges.

## MEMORANDUM **

Terry Steward brought this action under the Federal Torts Claim Act (FTCA) alleging he received negligent medical care from doctors at a Veterans Affairs (VA) hospital. Following a bench trial, the district court rejected Steward's claims of medical malpractice except for finding that the VA failed to obtain Steward's informed consent prior to a surgery. For this breach, the court awarded Steward $75,000. Steward appeals pro se, reasserting his claims of medical malpractice and arguing the damage award was insufficient. We affirm.

## DISCUSSION

The FTCA waives the government's immunity for tort claims arising out of the negligent conduct of government employees acting within the scope of their employment. *Terbush v. United States*, 516 F.3d 1125, 1128 (9th Cir.2008). Thus, the government may be sued "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id.* at 1128–29 (quoting 28 U.S.C. § 1346(b)(1)). In this instance, state law required the VA doctors to "exercise that degree of skill, knowledge, and care ordinarily possessed and exercised by mem-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

bers of their profession under similar circumstances." *See Powell v. Kleinman,* 151 Cal.App.4th 112, 59 Cal.Rptr.3d 618, 626 (2007).

■ We agree with the district court that the VA did not breach that standard of care. The government's experts were credible and persuasive in their opinions that the doctors performed appropriate consultations and studies, consistent with the applicable standard of care within the medical community. The experts chronicled Steward's medical record, noting his various complaints, the tests performed, and the treatments and medications that were prescribed. In each instance, the district court properly credited expert testimony indicating that Steward received medical care consistent with his symptoms. Specifically, the district court did not clearly err in finding that the VA did not breach its standard of care in diagnosing and removing Steward's tumor or treating his reflux esophagitis. See *Jones v. United States,* 127 F.3d 1154, 1156 (9th Cir. 1997) (noting standard of review).

■ The district court awarded Steward $75,000 because "[a] patient who consents to surgery by one surgeon but is actually operated on by another surgeon as to whom the patient did not consent has been deprived of his right to informed consent." The VA does not dispute that conclusion or challenge the amount of the award. Nonetheless, Steward contends the damage award was insufficient. A district court's computation of damages is a finding of fact we review for clear error. *Phillips v. Hust,* 477 F.3d 1070, 1080 (9th Cir.2007). We conclude the district court did not clearly err. The amount was intended by the district court to represent compensatory non-economic damages for Steward's emotional distress and pain and suffering. Steward failed to establish his entitlement to economic damages because his employ-

ment history was confusing and incomplete and there was no evidence indicating he suffered additional harm as a result of the improper consent.

■ Steward renews his claims of conspiracy, other incidents of negligent medical treatments, assault and battery, fraud, perjury and attempted obstruction of justice. The district court properly rejected these claims. Steward failed to establish the requisite elements for his claim of civil conspiracy. *See Klistoff v. Superior Court,* 157 Cal.App.4th 469, 68 Cal.Rptr.3d 704, 712 (2007) (listing elements). He also failed to exhaust his claims of negligence, fraud, perjury, and attempted obstruction of justice because he did not timely present these claims to the VA. *See Alvarado v. Table Mountain Rancheria,* 509 F.3d 1008, 1019 (9th Cir.2007) (noting exhaustion requirement). Finally, Steward's claim of assault and battery is statutorily barred in an FTCA action. *See Tekle v. United States,* 511 F.3d 839, 851 (9th Cir. 2007) (citing 28 U.S.C. § 2680(h)).

**AFFIRMED.**